IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARY R. SANITATE | : | CIVIL ACTION |
| | : | |
| | : | NO. 07-1516 |
| | : | |

---

| | | |
|---|---|---|
| MARY R. SANITATE, | : | |
| Appellant | : | |
| | : | |
| vs. | : | NO. 07-1709 |
| | : | |
| GREEN TREE CONSUMER | : | |
| DISCOUNT COMPANY, | : | |
| Appellee | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                      **March  24, 2008**

These cases involve the appeal of two final Orders of the United States Bankruptcy Court for the Eastern District of Pennsylvania, both dated March 12, 2007.  The first Order granted the motion of Appellee Green Tree Consumer Discount Company to dismiss the Chapter 13 bankruptcy petition filed by Appellant Mary R. Sanitate on June 15, 2005.  The second Order dismissed an adversary proceeding which the appellant filed on November 21, 2005.

The appellee has filed two motions to dismiss these appeals based on procedural deficiencies in the Notices of Appeal.  For the following reasons, I will deny these motions and permit the appeals to proceed.

The appellant filed two identical notices of appeal, including the caption and the docket numbers of the Chapter 13 bankruptcy case and the adversary proceeding. The body of the notices read as follows:

> MARY R. SANITATE ("the Appellant"), the Debtor in the above case and the Plaintiff in the above bankruptcy proceeding, hereby appeals to the United States District Court for the Eastern District of Pennsylvania, under 28 U.S.C. section 158(a)(1), from the Order entered in this case on March 12, 2007, dismissing both this main case and the proceeding.

The appellee argues that although the notices of appeal purport to appeal from "the Order entered in this case on March 12, 2007, dismissing both this main case and the proceeding," no Order was attached to either of the appellant's notices of appeal. Further, there were two Orders entered in this case on that date rather than one, and the notices of appeal failed to specify which Order was being appealed by which notice of appeal. This lack of specificity, the appellee insists, violates Rule 8001(a) of the Federal Rules of Bankruptcy Procedure which provides, in pertinent part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal*. The notice of appeal shall (1) conform *substantially* to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the

>names, addresses, and telephone numbers of their respective
>attorneys, and (3) be accompanied by the prescribed fee.

FED. R. BANKR. P. 8001(a) (emphasis added).  By its very terms, Rule 8001(a) grants the district court discretion to take "such action" that it deems to be "appropriate, which *may* include dismissal of the appeal."  Id.  Not every failure to follow procedural rules mandates dismissal of the appeal.  In re Comer, 716 F.2d 168, 177 (3d Cir. 1983).

On one of the notices of appeal, someone underlined the Chapter 13 main case docket number, and on the other notice, the docket number of the adversary proceeding was underlined.  The names of the parties were typed on the notices along with the names, addresses, and telephone numbers of counsel.  The appellant clearly expressed her intention to appeal to the United States District Court for the Eastern District of Pennsylvania from the Order of the Bankruptcy Judge which dismissed the main case and the adversary proceeding.  Accordingly, I find that these notices of appeal conformed substantially to the requirements of Rule 8001(a).

The appellee also argues that the notices of appeal violate Rule 3(c) of the Federal Rules of Appellate Procedure, which requires that the notice:  (1)(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken.  The filing requirements of Rule 3(c) are liberally construed. See Smith v. Barry, 502 U.S. 244, 248 (1992).  In fact, Rule 3(c)(4) provides that an appeal must not be dismissed for informality of form or title of the notice of appeal, or for

failure to name a party whose intent to appeal is otherwise clear from the notice. In Torres v. Oakland Scavenger Co., the United States Supreme Court emphasized that, "mere technicalities should not stand in the way of consideration of a case on its merits." 487 U.S. 312, 320-21 (1988).  Thus, in the context of Rule 3(c), jurisdiction may be appropriate if a litigant's actions are functionally equivalent to the requirements of Rule 3(c).  Masquerade Novelty v. Unique Industries, 912 F.2d 663, 665 (3d Cir. 1990) (where the contents of documents filed within the time prescribed to file a notice of appeal contain the information required by Rule 3(c), the party will be deemed to have complied with the rule and the case will not be dismissed for lack of appellate jurisdiction); see also Dura Systems, Inc. v. Rothbury Invest., Ltd., 886 F.2d 551, 554-55 (3d Cir. 1989) (Consent Order filed by the appellants within the time prescribed to file a notice of appeal served as the "functional equivalent" of what Rule 3(c) required such that the technical failure of the actual notice of appeal was not a bar to jurisdiction).

      That the Orders appealed from here were not attached to the notices is not fatal. The documents communicated an intention to appeal, identified the judgments appealed, and the court to which the appeal was being taken.  Accordingly, I must conclude that the appellant satisfied the requirements for filing the notices of appeal.  See United States v. Carson, 969 F.2d 1480, 1486 (3d Cir. 1992).  Therefore, I will deny the motions to dismiss.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARY R. SANITATE | : | CIVIL ACTION |
| | : | |
| | : | NO. 07-1516 |
| | : | |

---

| | | |
|---|---|---|
| MARY R. SANITATE, | : | |
|     Appellant | : | |
| | : | |
| vs. | : | NO. 07-1709 |
| | : | |
| GREEN TREE CONSUMER | : | |
| DISCOUNT COMPANY, | : | |
|     Appellee | : | |

**O R D E R**

**AND NOW,** this 24th day of March 2008, upon consideration of the appellee's two motions to dismiss (Document #4 in 07-1516, and Document #3 in 07-1709), and the appellant's responses thereto (Document #6 in 07-1516, and Document #5 in 07-1709), it is hereby ORDERED that:

    1.    Both motions to dismiss are DENIED.

    2.    The above-captioned actions shall be CONSOLIDATED.  All future filings shall bear the caption and docket number of the original action (07-CV-1516).  The Clerk of Court is directed to mark the action docketed as 07-CV-1709 closed for statistical purposes;

    3.    The appellant shall have leave to update her brief originally filed in 07-CV-1516 as Document #3 within ten (10) days of the date of this Order;

4. The appellee shall file its brief within fifteen (15) days of the filing of the appellant's amended brief;

5. The appellant may file a reply brief with ten (10) days of the filing of the appellee's brief.

6. The appellee's request for a stay is DENIED as moot.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.